IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL SOTO and ALICIA SOTO,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, fka COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE HOME LOANS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COUNTRYWIDE FULL SPECTRUM LENDING; PETER SCHWARTZ and DOES 1-20 inclusive,<br><br>    Defendants.<br>_____/ | Case No. 09-cv-03429-JAM-KJM<br><br><u>ORDER TO SHOW CAUSE</u> |

    This matter comes before the Court on a Motion to Dismiss by Defendants Countrywide Home Loans, Inc. (for itself and erroneously sued herein as Countrywide Full Spectrum Lending), BAC Home Loans (erroneously sued herein as Bank of America Home Loans f/k/a Countrywide home Loans), and Mortgage Electronic

1

Registration System, Inc., (collectively "Defendants"). Defendants seek to dismiss Plaintiffs Jose and Alicia Soto's ("Plaintiffs'") Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendants also bring a Motion to Strike, pursuant to Federal Rule of Civil Procedure 12(f) and Motion for Attorney's Fees and Costs, pursuant to Federal Rule of Civil Procedure 11(c). Plaintiffs do not oppose any of the motions.[1]

FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 2009, Plaintiffs filed suit in the Eastern District of California, before the Honorable Garland E. Burrell, Jr. [Civil Docket #2:09-cv-01546-GEB-EFB]. Plaintiffs' Complaint arose from a loan transaction for a residential property located at 9686 Early Light Way, Elk Grove, California. The original Complaint alleged federal claims for violation of the Truth in Lending Act, the Real Estate Settlement Procedures Act, and seven state law claims for violation of the California Rosenthal Act, violation of the Business and Professions Code, negligence, fraud, breach of contract, breach of fiduciary duty, and breach of the covenant of good faith and fair dealing. Defendants moved to dismiss this Complaint for failure to state a claim.

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

2

Prior to a hearing on the motion to dismiss, Plaintiffs filed an Amended Complaint. The Amended Complaint was substantially identical to the original Complaint, with the addition of a cause of action for violation of California Civil Code §1632, and a new allegation regarding a pre-payment penalty. Defendants again moved to dismiss the Amended Complaint for failure to state a claim. Defendants also served, but did not file, a motion for Rule 11 sanctions, because Plaintiffs' Amended Complaint was substantially identical to Plaintiffs' original boilerplate complaint. Defendants informed Plaintiffs that if they did not dismiss the amended complaint within 21 days, Defendants would file the motion for Rule 11 sanctions. On October 29, 2009, Plaintiffs voluntarily dismissed the Amended Complaint, without prejudice. On October 30, 2009, Plaintiffs filed in state court the Complaint that is presently before the court.

Plaintiffs current Complaint is substantially identical to the two complaints previously filed before Judge Burrell. The Complaint alleges a cause of action for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605 et seq., and seven state law claims for violation of the California Rosenthal Act, violation of the Business and Professions Code, negligence, fraud, breach of contract, breach of fiduciary duty, and breach of the covenant of good faith and fair dealing.

Because of the federal RESPA claim, Defendants removed Plaintiffs' Complaint from Sacramento County Superior Court on December 10, 2009. Defendants then brought the present motion to dismiss, and filed the previously threatened motion for Rule 11 sanctions. Plaintiffs have failed to file any response to these present motions.

Motion to Dismiss

Plaintiffs have not filed an opposition to the present Motion to Dismiss. Plaintiffs are hereby ordered, within ten (10) days from the date of this Order, to show cause why the Court should not grant the motion to dismiss in its entirety and dismiss the entire action with prejudice.

Sanctions for Violation of the Local Rules

Local Rule 230(c) requires a party responding to a motion to file either an opposition to the motion or a statement of non-opposition, no less than fourteen (14) days preceding the noticed hearing date. Here, counsel for Plaintiffs did not timely file any response, either an opposition or a statement of non-opposition, to Defendants' Motion to Dismiss.

Local Rule 110 authorizes the Court to impose sanctions for "failure of counsel or of a party to comply with these Rules." Therefore, the Court will sanction Plaintiffs' counsel, Michael

J.M. Brook, $250.00 payable to the Clerk of the Court within ten (10) days from the date of this Order, unless he shows good cause for his failure to comply with the Local Rules. This sanction is against counsel only. Counsel may not pass on the cost of this sanction to Plaintiffs via attorney's fees or costs.

Rule 11 Sanctions

Defendants' motion for Rule 11 sanctions alleges that Plaintiffs have now filed three virtually identical complaints regarding the same loan transaction and the same property, all of which fail to state viable claims for relief and were brought for improper purposes. Plaintiffs' counsel attempted to avoid Rule 11 sanctions by dismissing the Amended Complaint in Federal Court and re-filing it in State Court. This time, he has failed to respond at all, either to prosecute the case on behalf of his clients or to dismiss the case if his clients no longer wish to proceed.

Defendants have incurred substantial attorney's fees and costs in the process of defending themselves and responding to each complaint. Plaintiffs' counsel has also caused significant burden on the Court by his repeated filings of virtually identical boilerplate complaints.

Rule 11(b), governing representations to the court, requires that an attorney presenting the court with a pleading certify that (1) it is not being presented for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) that the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Rule 11(c) allows for the imposition of appropriate sanctions, including monetary sanctions, and states that absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Rule 11(c)(2) requires a party moving for sanctions to first serve, but not file, the motion for sanctions on opposing counsel. If opposing counsel does not withdraw or appropriately correct the challenged paper within 21 days, the moving party may file the motion for sanctions with the court. Defendants

properly followed this procedure in the previous action in front of Judge Burrell, however in the present action they filed the motion for sanctions immediately, rather than first serving opposing counsel and waiting the requisite 21 days.

However, the Court believes that Rule 11 sanctions are warranted. Accordingly, pursuant to Rule 11(c)(3) the Court is ordering attorney Michael J.M. Brook to show cause why the conduct specifically described in this order has not violated Rule 11(b). Absent a showing of good cause, the Court will impose sanctions by requiring Michael J.M. Brook and the law firm of Lanahan and Reilley, LLP to pay Defendants' attorney's fees, in the amount of $8,160.00. The cost of this sanction is to be borne solely by counsel and his law firm, it is not to be passed on to Plaintiffs via fees or costs.

## III. ORDER

For the reasons set forth above, Attorney Michael J.M. Brook is ordered, within ten (10) days of the date of this Order to show cause why the Motion to Dismiss should not be granted, with prejudice. It is further ordered that Michael J.M. Brook show cause why he and the law firm of Lanahan and Reilley, LLP should not be liable for Rule 11 sanctions. Absent a showing of good cause the Court will impose Rule 11 sanctions jointly for

payment of Defendants' attorney's fees in the amount of $8,160.00.

Lastly, it is ordered that within ten (10) days of this Order Michael J.M. Brook shall either (1) pay sanctions of $250.00 to the Clerk of the Court, or (2) submit a statement of good cause explaining his failure to comply with Local Rule 230(c).

IT IS SO ORDERED.

Dated: February 19, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE