IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE MANUEL SOTO and ALICIA SOTO,

        Plaintiffs,

              v.

BANK OF AMERICA, fka COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE HOME LOANS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COUNTRYWIDE FULL SPECTRUM LENDING; PETER SCHWARTZ and DOES 1-20 inclusive,

        Defendants.

_____/

Case No. 09-cv-03429-JAM-KJM

ORDER DENYING DEFENDANTS'
MOTION FOR RULE 11 SANCTIONS

This matter comes before the Court on Defendants Countrywide Home Loans, Inc. (for itself and erroneously sued herein as Countrywide Full Spectrum Lending), BAC Home Loans (erroneously sued herein as Bank of America Home Loans f/k/a Countrywide home Loans), and Mortgage Electronic Registration

1

System, Inc., (collectively "Defendants") Motion for Attorney's

Fees and Costs, pursuant to Federal Rule of Civil Procedure

11(c). Defendants seek Rule 11 sanctions regarding Plaintiffs'

Jose and Alicia Soto's ("Plaintiffs'") Complaint. [1]


I.  <u>BACKGROUND</u>

Plaintiffs' Complaint arose from a loan transaction for the

residential property located at 9686 Early Light Way, Elk Grove,

California. The Complaint alleged a cause of action for

violation of the Real Estate Settlement Procedures Act

("RESPA"), 12 U.S.C. §2605 et seq., and seven state law claims

for violation of the California Rosenthal Act, violation of the

Business and Professions Code, negligence, fraud, breach of

contract, breach of fiduciary duty, and breach of the implied

covenant of good faith and fair dealing.

In addition to the Motion for Rule 11 sanctions, Defendants

also brought a motion to dismiss the complaint and a motion to

strike. Plaintiffs did not respond to any of the motions with an

opposition or statement of non-opposition as required by Local

Rule 230(c).

In light of Plaintiffs' failure to respond to the motion to

dismiss, the motion to strike, or the motion for Rule 11

---

[1] This motion was determined to be suitable for decision without
oral argument. E.D. Cal. L.R. 230(g).

sanctions, the Court issued an Order to Show. The Order to Show Cause required Plaintiffs to show cause why the Court should not dismiss the Complaint and issue Rule 11 sanctions against Plaintiffs attorney. Plaintiffs had previously filed two substantially identical complaints in federal court before Judge Burrell, voluntarily dismissed their action under threat of a Rule 11 sanction motion by Defendants, and then filed the present Complaint in state court. The Complaint, which is substantially identical to the previous complaints, was removed from state court by Defendants on the basis of federal question jurisdiction, as it contains a federal claim.

II. <u>OPINION</u>

A. Motion to Dismiss

Shortly before the Court was preparing to issue its order regarding the motion to dismiss and the motion for Rule 11 sanctions, Plaintiffs filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). Plaintiffs voluntarily dismissed, without prejudice, all of their claims against all the defendants in the case. The notice stated that Plaintiffs have not dismissed an action based on or including the same claims as those presented in this suit. However, as Defendants pointed out in their objections to the notice, Plaintiffs have dismissed a previous action that was

based on and included nearly all of the same claims as those presented in this suit. The previous action was 2:09-cv-01546 before Judge Burrell. In that case, Plaintiffs brought claims against Defendants for violations of the Truth in Lending Act, the Real Estate Settlement Procedure Act, the California Rosenthal Act, violation of the California Business and Professions Code, negligence, fraud, breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and California Civil Code §1632. Thus, after voluntarily dismissing the previous complaint before Judge Burrell, Plaintiffs merely took out their Truth in Lending Act claim and their California Civil Code §1632 claim, and then re-filed the present Complaint.

"If a plaintiff invokes Rule 41(a)(1) a second time for an action based on or including the same claim, the action must be dismissed with prejudice." Cooter & Gell v. Hartmarx Corporation, 110 S.Ct. 2447, 2455 (1990). Accordingly, Plaintiffs' Complaint is dismissed with prejudice. In light of the notice of voluntary dismissal, Defendants motion to dismiss and motion to strike are moot.

B. Rule 11 Sanctions

The day before their response to the Order to Show Cause was due, Plaintiffs filed an ex parte motion for more time to

respond. Plaintiffs then filed an untimely response to the Order
to Show Cause, as the Court had not yet had the opportunity to
rule on the ex parte motion. Nonetheless, the Court will
consider the response.

Despite Plaintiffs voluntary dismissal of the case, the
Court still has jurisdiction to decide the motion for Rule 11
sanctions. <u>Cooter</u>, 110 S.Ct. at 2455. Based on the arguments set
forth in Plaintiffs' response to the order to show cause, the
Court will not issue Rule 11 sanctions against Plaintiffs'
attorney Michael J.M. Brooks. The Court does not condone Mr.
Brooks' conduct in this matter, and notes the time and expense
that his repeated filings of substantially identical complaints
has caused the Defendants and the Federal Court. However, the
Court concludes that his actions before this Court do not rise
to a level permitting this Court to issue sanctions on its own
initiative pursuant to Rule 11(c)(3).

Additionally, the Court cannot grant Defendants' motion for
Rule 11 sanctions, as Defendants failed to comply with the 'safe
harbor' procedures set forth in Rule 11(c)(2). They complied
with the procedures in the previous case before Judge Burrell,
but failed to do so in the case before this Court. Thus,
Defendants motion for Rule 11 sanctions is denied.

### III. ORDER

For the reasons set forth above, Plaintiffs' voluntary dismissal of the case is WITH PREJUDICE. Defendants' Motion for Attorney's Fees and Costs pursuant to Rule 11 is DENIED.


IT IS SO ORDERED.


Dated: April 28, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE